IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM I. KOCH, | No. 13-mc-80198 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH OR FOR PROTECTIVE ORDER** |
| v. | |
| ROYAL WINE MERCHANTS, LTD., | |
| Defendant. | |

Presently before the Court is non-party Eric Greenberg's motion to quash or for protective order. For the reasons set forth below, the Court grants in part and denies in part Greenberg's motion to quash or for protective order.

## BACKGROUND

**1.   The *Greenberg* Action**

On October 26, 2007, plaintiff William Koch filed a complaint in the Southern District of New York against defendant Eric Greenberg, alleging causes of action for fraud, negligent misrepresentation, and violations of New York Business Law §§ 349, 350. *Koch v. Greenberg*, No. 07-cv-9600, Docket No. 1 (S.D.N.Y., filed Oct. 26, 2007). Koch alleged in the complaint that he had purchased counterfeit wine at auctions that had originated from Greenberg. *Id.* ¶¶ 13-59. During discovery, Greenberg was deposed for approximately six hours, and at trial, Greenberg testified as an adverse witness for approximately eight hours. Docket No. 1 at 8; *see, e.g.*, Docket No. 3, Nichols Decl. Exs. V-W.

On April 11 and 12, 2013, a jury returned a verdict for plaintiff Koch and against defendant Greenberg on Koch's fraud claims and claims for violations of New York Business Law §§ 349, 350 and awarded Koch $355,811 in compensatory damages and $12,000,000 in punitive damages.

*Greenberg*, No. 07-cv-9600, Docket Nos. 451, 452 (S.D.N.Y. filed Apr. 15, 2013). On June 21, 2013, Greenberg filed a motion for judgment as a matter of law or, in the alternative, a new trial. *Id.*, Docket No. 495 (S.D.N.Y., filed Jun. 21, 2013). Greenberg's motion remains pending before the district court.

**2.     The *Royal* Action**

On October 27, 2011, plaintiff Koch filed a complaint in the Southern District of Florida against defendant Royal Wine Merchants, Ltd. ("Royal"), alleging causes of action for fraud, aiding and abetting fraud, negligent misrepresentation, civil RICO under 18 U.S.C. § 1962, and violation of Florida Deceptive and Unfair Trade Practices Act § 501.204. *Koch v. Royal Wine Merchants, Ltd.*, No. 11-cv-81197, Docket No. 1 (S.D. Fla., filed Oct. 27, 2011). In his second amended complaint, Koch alleges that defendant Royal imported into the United States and sold counterfeit wine, including bottles that Koch had bought at auctions from Greenberg's collection. *Id.*, Docket No. 45 ¶¶ 60-96 (S.D. Fla., filed Jul. 9, 2012).

On August 30, 2013, Koch served Greenberg with a deposition subpoena for the *Royal* action issued by this Court. Docket No. 15-15, Kaba Decl. Ex. O. By the present motion, Greenberg moves to quash the deposition subpoena. Docket No. 1. In the alternative, Greenberg moves for a protective order: (1) limiting the topics of any deposition of Greenberg to the specific bottles at issue in the *Royal* action; (2) ordering plaintiff Koch to designate those portions of Greenberg's prior deposition and trial testimony that he will offer at trial, and limit Mr. Greenberg's new deposition testimony in the *Royal* action exclusively to cross-examination by Royal on that prior testimony; (3) requiring Koch, before asking any additional questions related to the specific bottles at issue in the *Royal* action, to establish with the Court that he lacked the motive and opportunity to depose Greenberg on those topics in the *Greenberg* action; and (4) protecting Greenberg against public disclosure of his testimony. *Id.* In response, Koch states that he has agreed that: (1) Greenberg does not need to search for and produce documents; (2) Greenberg's deposition will be limited to four hours, or less; and (3) Koch will streamline the authentication of documents. Docket No. 14 at 1-2, 15.

///

///

2

## LEGAL STANDARD

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court must limit the scope of discovery when:

> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). A court may also limit discovery by issuing "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(B), a party may serve upon a non-party a subpoena, commanding the non-party to attend a deposition. Fed. R. Civ. P. 45(a)(1)(B). Upon receipt of the subpoena, the non-party may file a motion to quash or modify the subpoena with the issuing court. Fed. R. Civ. P. 45(d)(3); *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011). Under Rule 45(d)(3), the district court must quash or modify a subpoena that:

> (I) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3).

The party seeking to quash a subpoena bears the "burden of persuasion." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, at *4 (N.D. Cal. May 2, 2012); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). A district court "has wide discretion in controlling discovery" and "will not be

1 overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th
2 Cir. 1988).

## DISCUSSION

Greenberg argues that the Court should quash Koch's subpoena because Koch is attempting to harass and intimidate Greenberg rather than obtain relevant evidence, and Koch is improperly attempting to obtain additional discovery for use in the *Greenberg* action. Docket No. 1 at 10-18. In response, Koch argues that the testimony he seeks from Greenberg is relevant to the *Royal* action, and it is necessary for Koch to obtain this testimony through a deposition because Greenberg's prior testimony would be inadmissible in the *Royal* action. Docket No. 14 at 6-14.

After consideration of the record and the parties' arguments, the Court declines to quash the deposition subpoena. The discovery that Koch seeks is relevant to the *Royal* action. Koch alleges that Royal imported and sold to Greenberg the counterfeit wine that Koch bought at auctions from Greenberg. *Royal*, No. 11-cv-81197, Docket No. 45 ¶¶ 60-96 (S.D. Fla., filed Jul. 9, 2012). Royal has contended that there is no evidence showing that the wine Koch purchased from Greenberg came from Royal. *Id.*, Docket No. 115, at 16-17 (S.D. Fla., filed Aug. 16, 2013). Koch has presented the Court with testimony in the *Royal* action, stating that Royal destroyed certain business records in 2010, including records of its transactions with Greenberg. Docket No. 15-10, Decl. Ex. J. Therefore, testimony from Greenberg about his relationship with Royal and the wines he purchased from Royal is relevant to the present action.

Greenberg argues that the testimony Koch would elicit in the deposition would be cumulative and duplicative of Greenberg's prior testimony in the *Greenberg* action. Docket No. 1 at 14-16. However, the prior testimony from the *Greenberg* action would be inadmissible hearsay in the *Royal* action. *See* Fed. Evid. R. 801(c), 804(b)(1); *Orr v. Bank of Am.*, 285 F.3d 764, 779 n.27 (9th Cir. 2002). Greenberg does not dispute that the prior testimony would be inadmissible hearsay in the *Royal* action. Rather, Greenberg argues that Koch should have stipulated to the admissibility and use of the prior testimony in the *Royal* action. Docket No. 17 at 9. But, Greenberg has not provided the Court with any evidence showing that Royal would have agreed to such a stipulation. In addition, the testimony would

not be unduly cumulative and duplicative because not all of the wines at issue in the *Royal* action are also at issue in the *Greenberg* action. *See* Docket No. 1 at 8; Docket No. 14 at 10-11.

Greenberg also argues that the subpoena should be quashed because it is being sought for improper purposes. First, Greenberg argues that based on Koch's prior litigation conduct in the *Greenberg* action and other actions, Koch is seeking Greenberg's testimony in an effort to harass and intimidate Greenberg. Docket No. 1 at 2-7, 13-14. However, Greenberg has failed to provide any argument or evidence showing that the purpose of the subpoena at issue is to harass and intimidate Greenberg rather than to obtain evidence relevant to the *Royal* action. Second, Greenberg argues that the subpoena is an improper attempt to obtain further discovery related to the *Greenberg* action, specifically to obtain discovery for use in opposing Greenberg's post-trial motions. Docket No. 1 at 10, 13. The record does not support Greenberg's contention given that Koch filed his opposition to the post-trial motions prior to serving Greenberg with the subpoena. *See Greenberg*, No. 07-cv-9600, Docket No. 503 (S.D.N.Y., filed Aug. 2, 2013). Moreover, it is not proper to bar relevant discovery in one action simply because the discovery sought may also be relevant to another action. *See In re Republic of Ecuador*, 2010 U.S. Dist. LEXIS 132045, at *23-24 (N.D. Cal. Dec 1, 2010); *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). In his response, Koch has agreed to seek the Court's permission prior to using any testimony obtained during the deposition in any action other than the *Royal* action. Docket No. 14 at 2. This limitation remedies Greenberg's concern that Koch may be attempting to obtain additional discovery for use in the *Greenberg* action.

Finally, Greenberg argues that the Court should issue a protective order protecting Greenberg against public disclosure of his testimony. Docket No. 1 at 1, 20. Greenberg argues this limitation is appropriate because Koch has been sanctioned in the *Greenberg* action for leaking discovery materials to the press. *Id.* at 3-5. In the *Greenberg* action, Koch was sanctioned for disclosing to the press discovery that was designated as confidential "Attorney's Eyes Only" under the parties' protective order. *See Greenberg*, No. 07-cv-9600, Docket No. 224 (S.D.N.Y., filed Sept. 28, 2011). Greenberg has failed to show that the deposition testimony at issue would also appropriately be designated as confidential, requiring disclosure limitations. Therefore, the Court declines to impose any disclosure limitations at this time.

In sum, the Court declines to quash the subpoena. The Court concludes that it is appropriate to issue a protective order, requiring Koch to seek and obtain the Court's permission prior to using any testimony obtained during the deposition in any action other than the *Royal* action. In addition, Koch has agreed (1) that Greenberg need not search for and produce documents; and (2) that Greenberg's deposition may be limited to four hours. Docket No. 14 at 1-2, 15. Therefore, the Court will also include these limitations in the protective order.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Greenberg's motion to quash or for protective order. The Court declines to quash the subpoenas, but issues the following protective order:

1. Koch must seek and obtain the Court's permission prior to using any testimony obtained during Greenberg's deposition in any action other than the *Royal* action;

2. Greenberg need not search for and produce documents in connection with the deposition; and

3. Greenberg's deposition is limited to four hours.

This Order resolves Docket No. 1.

**IT IS SO ORDERED.**

Dated: October 15, 2013

SUSAN ILLSTON
United States District Judge